**Daniel Thomas MILLER,**
**Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

No. 01–5048.

United States Court of Appeals,
Federal Circuit.

July 16, 2001.

Rehearing En Banc Denied
Sept. 19, 2001.

Before MICHEL, RADER, and LINN, Circuit Judges.

PER CURIAM.

### DECISION

Miller seeks review of a final judgment of the United States Court of Federal Claims dismissing Miller's suit that sought a refund of federal income taxes in the amount of $361,716.80 plus interest for the tax years 1977 through 1987 and 1989. *Miller v. United States,* No. 99–737 T, 2000 WL 1868947 (Fed.Cl. Nov. 9, 2000) (*"Opinion"*). Because Miller has failed to identify any reversible error in the court's decision, we *affirm.*

### DISCUSSION

It is undisputed that Miller failed to file federal income tax returns for tax years 1977 through 1987 and 1989. The government, following standard procedure, prepared and filed substitute returns for Miller for the relevant years. The government then assessed deficiencies and penalties against Miller, executed federal tax liens against him, and garnished his wages. In response, Miller filed suit in the Court of Federal Claims, among other venues.

The Court of Federal Claims made three determinations. First, Miller's due process and tort claims were dismissed for lack of jurisdiction because the court simply does not have jurisdiction to hear such claims. Second, Miller's claims for tax years 1977–1986, and for certain tax payments made for tax years 1987 and 1989, were dismissed for lack of jurisdiction because they were outside of the applicable two year statute of limitations provided in 26 U.S.C. §§ 6511(a), 7422(a). Third, Miller's claims relating to the tax payments for tax years 1987 and 1989 that were within the statute of limitations were dis-

missed on summary judgment based on collateral estoppel from two of Miller's previous lawsuits. *Miller v. United States*, 2000 WL 1141597 (C.D.Ill.); *Miller v. United States*, 1999 WL 1427765 (C.D.Ill.). Miller appeals the court's judgment and we have exclusive appellate jurisdiction. 28 U.S.C. § 1295(a)(3). This court reviews questions of jurisdiction and summary judgment decisions de novo. *Massie v. United States*, 166 F.3d 1184, 1187 (Fed.Cir.1999); *Jowett, Inc. v. United States*, 234 F.3d 1365, 1367–68 (Fed.Cir. 2000) (summary judgment).

Regarding the court's first determination, Miller does not appeal the court's dismissal of the due process and tort claims. Indeed, he asserts that he never filed any such claims.

Regarding the court's second determination, Miller's principal argument is that the limitations period never began to run because he never "paid" any tax, as that term is used in the statutes. Rather, Miller asserts that the taxes received by the government were "deposits." For the reasons cogently stated by the Court of Federal Claims, we agree that Miller's withholding payments and the garnished amounts are properly considered to be "payments," thus triggering the start of the limitations period. *See Opinion*, slip op. at 4–5 (citing *New York Life Ins. Co. v. United States*, 118 F.3d 1553, 1554 (Fed. Cir.1997)).

Regarding the court's third determination, Miller asserts that he had no taxable income. It is undisputed, however, that Miller was working for United Airlines and Miller presents no cogent argument as to why he should not be collaterally estopped from arguing that his income from United Airlines was not taxable income. Miller does allege, in passing, that he was working overseas. It is unclear if Miller presents this as an argument that income earned while overseas is not subject to U.S. income tax. In any event, Miller fails to provide any supporting facts or law to substantiate such a claim. It also appears that he failed to present this argument to the Court of Federal Claims.

We have considered Miller's further arguments, to the extent we could discern them, and find them unpersuasive.

## CONCLUSION

For the foregoing reasons, and those articulated by the Court of Federal Claims, we affirm the judgment of that court.